UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERIC BATE,**

        **Plaintiff,**                        **Case No. 2:08-cv-100**
                                            **JUDGE GREGORY L. FROST**
    **v.**                                          **Magistrate Judge Mark R. Abel**

**INTERNATIONAL BROTHERHOOD OF**
**TEAMSTERS LOCAL UNION 1108, et al.,**

        **Defendants.**

### OPINION AND ORDER

This matter comes on for consideration of the Motion to Dismiss Claims Against Teamsters Local 1108 and William P. Olsen (Doc. # 7) and the Motion of Netjets Aviation, Inc. to Dismiss Plaintiff's Complaint (Doc. # 10). For the following reasons, the Court **GRANTS** both of these motions.

### I. Background[1]

Defendant International Brotherhood of Teamsters Pilots Local Union 1108 (the "Union") is the exclusive collective bargaining representative for all pilots employed by NetJets Aviation, Inc. ("NetJets"). Since October 2001, NetJets and the Union have negotiated labor agreements and a tentative a collective bargaining agreement ("CBA") was put into effect on October 8, 2005. The CBA was created pursuant to the Railway Labor Act, 45 U.S.C. § 151 ("RLA"). In 2007, NetJets and the Union negotiated a new CBA that was ratified on December 12, 2007.

The Union maintained a website that was only accessible to Union members for the

---

[1]The facts presented in this section are taken from Plaintiff's Complaint.

purposes of union activities.  The Union operated an electronic message board on that website that was overseen by the NetJets' Pilot's Union Moderation Team.  Union members were permitted to post comments on the message board on various subjects including proposed changes to the CBA.

Several statements demonstrating strong dissatisfaction with the proposed terms of the amendments to the CBA were posted on the message board and were attributed to Plaintiff.  On September 29, 2007 the Union issued Plaintiff a Third Degree Union Message Board Warning suspending his message board privileges because of "(1) the egregious nature of the content in question, and (2) [Plaintiff's] receipt of a First Degree Message Board Warning in November 2006."

Plaintiff alleges that Union members posted on the message board many "inappropriate" messages that were meant to sexually harass Plaintiff, such as ""Master Bate, masterBATEr, and master-bater."  Another posting threatened Plaintiff with "suckerpunches" in a crewroom.  Plaintiff further contends that the inappropriate postings included racial slurs and nude images of a former NetJets employee.  Plaintiff reported the inappropriate postings to the Union and did not receive a response.

On October 1, 2007 and again on October 2, 2007, Plaintiff reported the inappropriate postings to NetJets' Manager of Labor and Employee Relations.  Plaintiff alleges that these inappropriate postings were made by Union members on NetJets' computers during working hours in violation of company rules.

On November 15, 2007 Plaintiff was permanently expelled from the message board.

On February 1, 2008 Plaintiff filed this action against NetJets, the Union, and the Union

president, William P. Olsen. On April 18, 2008 the Union and Olsen filed a motion to dismiss (Docs. # 7, 8[2]) and on April 21, 2008 NetJets filed a motion to dismiss (Doc. # 10). On May 19, 2008 Plaintiff filed a memorandum in opposition to both of these motions to dismiss. (Doc. # 15.) The Union and Olsen filed a reply in support of their motion to dismiss on May 30, 2008 (Doc. # 18) and NetJets filed a reply in support of its motion (Doc. # 19) on June 2, 2008.

## II. Standards

Defendants argue that this action should be dismissed because this Court lacks subject matter jurisdiction to hear it and because Plaintiff has failed to state any claim upon which relief can be granted. Plaintiff contends that Defendants have submitted matters outside of the pleadings that are inappropriate for this Court to view when considering motions to dismiss.

### A. Subject Matter Jurisdiction

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, which generally come in two varieties:

> A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss.
>
> On the other hand, when a court reviews a complaint under a factual attack, as here, no presumptive truthfulness applies to the factual allegations. When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. In reviewing these motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. (citations omitted.)

---

[2]The Union and Olsen filed their memorandum in support of their motion to dismiss as a separate document.

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Nat'l Assoc. of Minority Contractors v. Martinez*, 248 F. Supp.2d 679, 681 (S.D. Ohio 2002).  In this action, Defendants mount a factual attack on the jurisdiction of this Court.

**B.  Failure to State a Claim Upon Which Relief Can Be Granted**

Defendants also move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  The United States Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L. Ed.2d 929 (2007).  The United States Court of Appeals for the Sixth Circuit explains:

> The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." [*Twombly*] at 1964-65 (citations and quotation marks omitted).  Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  The claims must be plausible and not merely conceivable.  *Twombly*, 127 S. Ct. at 1974.

**C.  Consideration of Documents Attached to the Briefings Before this Court**

Plaintiff argues that this Court cannot consider any of the documents attached to Defendants' motions to dismiss.  This Court disagrees.

Although, as a general rule "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss," *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), a certain amount of flexibility attends the determination of whether a matter falls "outside the pleading[s]."  *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. 2001).  The

4

United States Court of Appeals for the Sixth Circuit has "taken a liberal view of what falls within the pleadings for purposes of Rule 12(b)(6)." *Id.* Hence, documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Weiner*, 108 F.3d at 89; *McGee v. Simon & Schuster Inc.*, 154 F. Supp.2d 1308, 1311 fn.3 (S.D. Ohio 2001). If extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment. *Yeary v. Goodwill Indus.- Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997); *see also Delahunt v. Cytodyne Technologies*, 241 F. Supp.2d 827, 831-32 (S.D. Ohio 2003).

Here, the Court will consider the CBA and the Terms of Service of the Union's Message Board ("Message Board Terms of Service"), both attached to the Union's motion to dismiss. Plaintiff's Complaint references Section 2.2 of the CBA as the basis for claims against NetJets, Inc. and the Union. *See Complaint* ¶ 26. It also refers to the Message Board Terms of Service either directly or by referencing procedures established under that document, including Plaintiff's allegation of having exhausted administrative remedies under it. *See id.* ¶¶ 11, 21, 22, 23, 24. Both of these documents are properly considered incorporated by reference into the complaint. Moreover, in considering the factual challenges to this Court's subject matter jurisdiction, it is permitted "wide discretion to allow affidavits [and] documents." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548.

Accordingly, the Court shall consider the CBA and the Message Board Terms of Service without the requirement of converting the motions to ones for summary judgment.

### III. Analysis

Plaintiff alleges that (A) that the Union breached its duty of fair representation, (B) NetJets and the Union breached the CBA, (C) that the Union breached an implied contract with Plaintiff, and (D) that the Union president is personally liable for the alleged breaches by the Union.

### A.  The Union's Duty of Fair Representation

Plaintiff alleges that the Union and Olsen breached their duty of fair representation by "failing to permit the continued inclusion of [Plaintiff] on the bulletin board system on the Union's website to permit open discussion of the proposed terms of the [CBA]."  Complaint ¶ 32.  This Court disagrees.

The RLA affords an employee an implied right of action in federal court against his union for breach of the duty of fair representation.  *Steele v. Louisville & Nashville R.R. Co.*, 323 U.S. 192 (1944).  The United States Supreme Court explains:

> "Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, and to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." [*Vaca v. Sipes*, 386 U.S. 171, 177 (1967)].  This duty of fair representation is of major importance, but a breach occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith."  *Id.*, at 190.  The courts have in general assumed that mere negligence, even in the enforcement of a collective-bargaining agreement, would not state a claim for breach of the duty of fair representation, and we endorse that view today.

*United Steelworkers of America v. Rawson*, 495 U.S. 362, 372-73 (1990).

The United States Court of Appeals for the Sixth Circuit explains, that in:

> *Breininger v. Sheet Metal Workers' Int'l Ass'n*, 110 S. Ct. 424 (1989), the Supreme Court stated that the key to a duty of fair representation claim "is that the union is administering a provision of the contract, something we have always held is subject to the duty of fair representation."  The undoubted broad authority

>of the union as the exclusive bargaining agent in the *negotiation and administration* of a collective bargaining contract is accompanied by a responsibility of equal scope, the responsibility and duty of fair representation.
>110 S. Ct. at 437 (emphasis in original; citation omitted).

*Barker v. Chesapeake & Ohio R.R.*, 959 F.2d 1361, 1365 (6th Cir. 1992). *Barker* held that, "[i]n the present case, the statutory reporting requirements were not related to the negotiation or administration of the collective bargaining agreement, so the Union cannot be charged with a duty to represent its members on claims involving those statutory provisions." A union's duty of representation relates to its exclusive representational status for purposes of rates of pay, rules, and working conditions affecting employees. *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 325 (1972); *Beard v. Carrollton R.R.*, 893 F.2d 117, 119 (6th Cir. 1989). *See also Freeman v. Local 135, Chauffeurs, Teamsters, Warehousemen and Helpers*, 746 F.2d 1316, 1321 (7th Cir. 1984) ("If a union does not serve as the exclusive agent for the members of the bargaining unit with respect to a particular matter, there is no corresponding duty of fair representation.").

In the case *sub judice*, the Union here has no exclusive representative status over the procedures related to the message board. Specifically, it is uncontested that protests related to the message board are not governed by the CBA. As the Union correctly contends, the Message Board Terms of Service specifically provides that the Union has no duty to members related to the message board:

>2) The Union's Rights
>. . .
>
>e) <u>User's Right to Request Executive Board Review</u>
>
>A user may protest any Moderator decision by making a formal request for review of the Moderators' decision in Writing, through e-mail to each member of the

7

>Executive Board. The Executive Board will notify the Moderators that such a
>request has been made. Upon making a request for review, you agree and
>acknowledge that the Executive Board may take whatever action it deems
>appropriate to address such a matter.
>
>f) The Union will have no liability or responsibility for performance or non-
>performance of the above-referenced procedures.

Plaintiff's claim concerns his relationship with the Union and the Union's internal affairs, not with the Union's relations with NetJets where the Union would owe Plaintiff a duty of fair representation. Plaintiff's expulsion from the message board, like the employees' complaint about statutory reporting requirements in *Barker*, is not related to the negotiation[3] or administration of the CBA regarding Plaintiff's rates of pay, wages, hours, or other working conditions. Accordingly, the Union has no duty to represent Plaintiff in his complaints of expulsion from the message board.[4] Because there is no duty here, there can be no breach of a

---

[3]Plaintiff may possibly be alluding to the Union breaching its duty to negotiate by arguing he was expelled from participating on the message board when there were negotiations taking place regarding a proposed amendment to the CBA, stating:

>The permanent expulsion for the message board came at a time when [Plaintiff] was among a minority of Union members expressing their displeasure with the Union's proposed changes to the [CBA] and invoking his protected rights under the [CBA].

Complaint ¶ 23. However, to state a claim for failure to appropriately negotiate on Plaintiff's behalf a plaintiff must allege that the "[U]nion's acts 'tainted the grievance procedure such that the outcome was more than likely affected by the Union's breach.' " *Williams v. Molpus*, 171 F.3d 360, 365 (6th Cir. 1999) (quoting *Dushaw v. Roadway Express, Inc.*, 66 F.3d 129, 132 (6th Cir. 1995)). Plaintiff makes no such allegations.

[4]As the Union correctly notes, [Plaintiff] seeks to rely on facts occurring in *NetJets Aviation, Inc. v. Int'l Bhd. of Teamsters*, 486 F.3d 935 (6th Cir. 2007) concerning the Union's Message Board. That case dealt only with a challenge by the Company to an award of the parties's System Board of Adjustment. It did not concern whether the Union message board implicates the Union's duty of fair representation. It is irrelevant to the instant case.

8

duty of fair representation.

Accordingly, Plaintiff has failed to meet his burden of showing that this Court possesses subject matter jurisdiction to hear its breach of the duty of fair representation cause of action against the Union. Therefore, the Court **GRANTS** the Union's motion to dismiss that claim.

**B. Breaches of the CBA**

Plaintiff alleges that:

> Section 2.2 of the [CBA] provides that all pilots covered by the [CBA] will be governed by company rules, regulations and orders.
>
> NetJets and the Union wrongfully and arbitrarily failed to investigate [Plaintiff's] allegations of violations of company rules, regulations and orders based on sexual harassment, hostile work environment and unsafe work environment in breach of the [CBA] between NetJets and the Union.

Complaint ¶¶ 26, 27. Plaintiff argues that the environment to which he was subjected affected his working conditions.

**1. The alleged breach of the CBA by NetJets**

Plaintiff argues that his allegations in the Complaint are sufficient to withstand a Rule 12(b)(6) motion. This Court disagrees.

First, in his argument Plaintiff relies upon an inaccurate statement of the law:

> [T]his Court should not dismiss a Complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a 12(b)(6) motion, the court must accept all allegations in the Complaint at "face value" and construe them in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1034-35 (6th Cir. 1979).

(Doc. # 15 at 7-8.) As this Court has set out above, *Twombly* articulated the 12(b)(6) standard to require a plaintiff's factual allegations to present plausible claims. *See Twombly*, 127 S. Ct. at

9

1964-65. The Sixth Circuit explained:

> In [*Twombly*], the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S. Ct. at 1969.

*Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548. Further, the standard of review applicable to this cause of action is Fed. R. Civ. P. 12(b)(1) as it applies to a factual dispute, which allows the Court "discretion to make all necessary factual determinations required to reach the jurisdictional issue presented, and may consider all evidence presented by the parties." *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325.

Second, Congress enacted the RLA, 45 U.S.C. § 151, *et seq.*, to provide effective mechanisms for resolving labor disputes between railroads and their employees. *See Airline Prof'l Ass'n of the Int'l Bhd. of Teamsters, Local Union No. 1224, AFL-CIO v. ABX Air, Inc.*, 274 F.3d 1023, 1027-28 (6th Cir. 2001) (citing *Elgin, Joliet & Eastern Ry. v. Burley*, 325 U.S. 711, 722-28 (1945)). The RLA was extended to apply to air carriers and their employees in 1936. *Id.* (citing 45 U.S.C. §§ 181-188). Pursuant to the RLA, air carriers are required to establish boards of adjustment to consider and resolve disputes between the carriers and their employees. *See* 45 U.S.C. § 184.[5]

---

[5]45 U.S.C. § 184 provides in relevant part:

System, group, or regional boards of adjustment

The disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and

A system board of adjustment has exclusive jurisdiction to hear and decide claims that are considered "minor" disputes under the RLA. *Andrews*, 406 U.S. at 322-23; *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 253 (1994) (stating that a minor dispute "must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions."); *Stephens v. Retirement Income Plan For Pilots of U.S. Air*, 464 F.3d 606, 611 (6th Cir. 2006) ("Congress gave system boards the same exclusive jurisdiction over 'minor disputes' in the airline industry that the National Railroad Adjustment Board has over such disputes in the railroad industry."); *ABX Air, Inc.*, 274 F.3d at 1029 (stating that "the dispute was a minor one, and the district court properly dismissed the case for lack of subject matter jurisdiction").

A "minor" dispute involves the interpretation or application of an existing labor agreement. *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 305, 105 L. Ed. 2d 250, 109 S. Ct. 2477 (1989). In contrast, a "major" dispute is one where a party is trying to establish rights not even arguably contained in an agreement." *Id.* at 302-03. The distinguishing feature of a minor dispute is that it may be conclusively resolved by interpreting the existing collective bargaining agreement. *Id.* at 305. Plaintiff does not challenge that his dispute with NetJets is a minor dispute.

In the instant action, the Court concludes that Plaintiff's dispute with NetJets over the

---

unadjusted on the date of approval of this Act [enacted April 10, 1936] before the National Labor Relations Board, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to an appropriate adjustment board, as hereinafter provided, with a full statement of the facts and supporting data bearing upon the disputes. . . .

interpretation of the CBA is preempted by the RLA and must be resolved through engaging in the internal dispute resolution processes at the system board of adjustment. Accordingly, Plaintiff has failed to meet his burden of showing that this Court possesses subject matter jurisdiction to resolve the substance of this minor dispute between Plaintiff and NetJets unless there is an exception to the preemptive effect of the exclusive jurisdiction of the system board of adjustment under the RLA.

### a. The futility exception is inapplicable to Plaintiff's claim.

Plaintiff argues that he is not required to have his dispute heard at the system board of adjustment because it would be futile for him to do so. Plaintiff is correct that there is a futility exception to the exclusive jurisdiction of the system board of adjustment. In *Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324, 330 (1969) the Supreme Court "explicitly recognized an exception to the exhaustion of administrative remedies requirement when the effort to proceed with those remedies would be wholly futile." *Id.* In such situations it is clear that the statutorily-created arbitration scheme is simply insufficient to accomplish the very ends it was designed to further.

Here, Plaintiff alleges that he contacted the Union twice to request that the Union grieve his expulsion from the message board and the Union failed to respond. Plaintiff continues this argument by claiming that the Union cannot ignore his attempts at pursuing administrative remedies and benefit from the refusal. However, Plaintiff does not claim that NetJets breached the CBA by removing him from the message board. Instead, Plaintiff's claim against NetJets encompass his complaints that NetJets failed to investigate his allegations of sexual harassment, hostile work environment, and unsafe work environment. Nowhere does Plaintiff allege that he

attempted to grieve that issue.

Consequently, Plaintiff makes no argument related to exhaustion of his administrative remedies before the system board of adjustment related to his claim for breach of the CBA against NetJets. Consequently, the futility exception to the preemptive effect of the RLA does not apply to this claim.

### b. The hybrid exception is inapplicable to Plaintiff's claim.

Plaintiff also argues that he was not required to take his breach of the CBA claim against NetJets to the system board of adjustment based on the hybrid exception. This exception to the preemptive effect of the RLA is only effective if a plaintiff first pleads and then proves a breach of the duty of fair representation by the Union. *Foust*, 442 U.S. at 47; *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991). As the Court concluded *supra*, however, Plaintiff has failed to sufficiently plead a claim for breach of the duty of fair representation. Consequently, the hybrid exception to exhaustion before the system board of adjustment is inapplicable to Plaintiff's breach of the CBA claim against NetJets.

### c. Exceptions to the exclusive jurisdiction of the system board of adjustment under the RLA.

Neither the hybrid exception nor the futility exception to complete RLA preemption are applicable to Plaintiff's breach of contract claim against NetJets. Therefore, this Court lacks subject matter jurisdiction to entertain that claim. Accordingly, the Court **GRANTS** NetJets' motion to dismiss.

### 2. The alleged breach of the CBA by the Union.

Although Plaintiff alleges a breach of contract claim against the Union, he does not dispute Defendants arguments that the proper vehicle for suing the Union is a breach of its duty

13

of fair representation, which he has brought in this action. Also, Plaintiff is not a party to the CBA and, instead, is the intended beneficiary. Therefore, Plaintiff cannot maintain a cause of action for breach of the CBA against the Union.

Further, there is simply no jurisdictional basis for this claim. The RLA's grant of exclusive jurisdiction to the system board of adjustment under 45 U.S.C. § 153 is limited to disputes between employees and carriers, not between employees and unions. *Glover*, 393 U.S. at 328.

Additionally, the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA") does not provide a basis for subject matter jurisdiction as Plaintiff suggests. The CBA was created pursuant to the RLA, 45 U.S.C. § 151. It is well established that the LMRA does not apply to carriers covered by the RLA, their employees, or the labor organizations representing their employees. *See Air Line Pilots Association v. DHL Holdings*, 2007 U.S. Dist. LEXIS 40771, at *8 (S.D. Ohio 2007).

Finally, the only basis then for jurisdiction is pendent state law jurisdiction under 28 U.S.C. §1367(c)(3). However, "[i]t is ordinarily prudent for a district court that dismisses a Plaintiff's federal-law claims to decline to reach Plaintiff's state law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Here, the Court is dismissing all of Plaintiff's federal law claims. Consequently, the Court declines to reach Plaintiff's breach of contract cause of action against the Union.

Accordingly, the Court **GRANTS** the Union's motion to dismiss Plaintiff's breach of the CBA cause of action.

**C. Breach of Implied Contract**

Plaintiff alleges that the Union breached an implied contract found in the Union's constitution by "failing to address the inappropriate comments posted on the website and failing to permit open discussion of the proposed terms of the [CBA]."  Complaint ¶ 35.  This Court lacks subject matter jurisdiction to hear this claim.  That is, the only federal statute that invokes federal jurisdiction to address violations of a union constitution is Section 301 of the LMRA, 29 U.S.C. § 185.  *United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of the United States and Canada AFL-CIO v. Local 334, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States and Canada*, 452 U.S. 615, 627 (1981).  However, the CBA was created pursuant to the RLA, 45 U.S.C. § 151.  *See* Complaint ¶ 6.  As Defendants correctly argue, the LMRA does not apply to carriers covered by the RLA, their employees, or the labor organizations representing their employees.  *See Bhd. of Locomotive Firemen v. United Transp. Union*, 471 F.2d 8, 9 (6th Cir. 1972); *Air Line Pilots Ass'n v. DHL Holdings*, No. 1:06cv823, 2007 U.S. Dist. LEXIS 40771, at *8 (S.D. Ohio 2007).

Further, the United States Court of Appeals for the Sixth Circuit has specifically disallowed claims for a breach of implied contract brought by individual union members against their unions based upon union constitutions.  *See Trail v. Int'l Bhd. of Teamsters*, 542 F.2d 961, 968 (6th Cir. 1976) (holding that there are no "contractual rights between labor organizations expressed in union constitutions and charters [that] can be enforced in § 301 suits by individual union members as third party beneficiaries").  Consequently, the LMRA provides no basis for subject matter jurisdiction for this cause of action.

Finally, like the breach of contract claim *supra*, the only basis for jurisdiction is pendent

15

state law jurisdiction under 28 U.S.C. §1367(c)(3).  For the same reasons stated above, the Court declines to reach Plaintiff's state law claims" since it is dismissing all of Plaintiff's federal law claims.   *See Moon*, 465 F.3d at 728.

For all of these reasons, the Court **GRANTS** the Union's motion to dismiss as it relates to Plaintiff's breach of implied contract claim.

### D.  The President of the Local 1108 Union

Defendants argue that the President of the Local 1108 Union, William P. Olsen, should be dismissed as a defendant in this case because Plaintiff does not allege any fact regarding individual actions by Olsen.  Plaintiff complains that the Union, not Olsen individually, failed to investigate his claims regarding postings on the Message Board.

Also, Defendants argue that Olsen should also be dismissed as a defendant because claims for breach of the duty of fair representation are made against bargaining representatives, not against individual union members or officers.  *See Oliver v. Gallagher*, No. 1:05-CV-1558 2006 U.S. Dist. LEXIS 8035 (N.D. Ohio 2006) ("the Court agrees with those circuits that have considered the issue and hold that individual union members are immune from suit for breach of the duty of fair representation"); *Morris v. Local 819, Int'l Bhd. Of Teamsters*, 169 F.3d 782 (2d Cir. 1999); *Stephens v. City of Allentown*, 1996 U.S. Dist. LEXIS 6544 (E.D. Pa. 1996) ("The employee does not have a cause of action directly against individual union officials for breach of their duty of fair representation").  Defendants' arguments are well-taken.

Accordingly, the Court **GRANTS** President Olsen's motion to dismiss him as a defendant in this action.

## IV.  Conclusion

Based on the foregoing, the Court **GRANTS** the Motion to Dismiss Claims Against Teamsters Local 1108 and William P. Olsen (Doc. # 7) and **GRANTS** the Motion of Netjets Aviation, Inc. to Dismiss Plaintiff's Complaint (Doc. # 10).  The Court **DIRECTS** the Clerk to enter **FINAL JUDGMENT** in this action.

**IT IS SO ORDERED.**

>/s/ Gregory L. Frost
>**GREGORY L. FROST**
>**UNITED STATES DISTRICT JUDGE**